UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JONATHAN BRIAN MUNOZ,<br><br>Plaintiff,<br><br>v.<br><br>DENIS McDONOUGH, SECRETARY OF VETERANS AFFAIRS,<br><br>Defendants. | Case No.: 2:21-cv-00430-APG-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF No. 7<br>(Plaintiff's Amended Complaint) |

Pending before the Court is Plaintiff Jonathan Munoz's Amended Complaint for a Civil Case (ECF No. 7). Plaintiff's application to proceed *in forma pauperis* ("IFP") was granted on June 28, 2021. ECF No. 6. In the Court's June 28th Order and Report and Recommendation, the Court discussed jurisdiction and recommended that Plaintiff be given the opportunity to file an amended complaint to state claims upon which relief may be granted. *Id.* On June 29, Plaintiff filed his instant Amended Complaint.

**I.     Background**.

Plaintiff is again seeking judicial review of a Merit Systems Protection Board ("MSPB") Final Agency Decision, pursuant to 5 U.S.C. § 7703. Plaintiff reiterates that he was constructively discharged by the Department of Veterans Affairs ("VA") for complaining about "Ms. Graham's" alleged repeated practice of violating Management Directive 110 that pertain to alternative dispute resolution and equal employment opportunity. Plaintiff states that "Ms. Graham created a hostile environment that any reasonable EEO professional would not be able to continue working in …, which effectively rendered the plaintiff's authority as the single EEO professional within the San Francisco VA Healthcare System, null." ECF No. 7 at 4. Plaintiff concludes that he was constructively discharged as the work environment deteriorated such that any comparable EEO professional would find the environment unreasonable. Plaintiff does not identify a cause of action, but does state that he has suffered damages. *Id.*

1

**II.      Screening the Complaint**.

Having granted Plaintiff's request to proceed *in forma pauperis*, the Court screens his Amended Complaint under 28 U.S.C. § 1915(e)(2).  In screening a complaint, a court must identify cognizable claims and dismiss all claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

According to the Federal Rule of Civil Procedure 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Therefore, to survive § 1915(e)(2) review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

When considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Recitation of the elements of a cause of action alone is insufficient.  *Id.*  Unless it is clear that the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.).

**III.     Analysis of Plaintiff's Claims**.

Liberally construed, the Court once again find Plaintiff is attempting to bring a retaliation claim under Title VII of the 1964 Civil Rights Act, codified at 42 U.S.C. § 2000e, *et seq*.  Title VII

prohibits retaliation by an employer against an employee for engaging in protected activity such as alleging a Title VII violation or otherwise participating in a Title VII proceeding. *Nilsson v. City of Mesa*, 503 F.3d 947, 953 (9th Cir. 2007). To establish a prima facie claim of retaliation, a plaintiff must plead that he (1) engaged in a protected activity, (2) suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action. *Poland v. Chertoff*, 494 F.3d 1174, 1179-80 (9th Cir. 2007).

Plaintiff describes the protected activity as reporting Ms. Graham's alleged failures to follow MD-110. ECF No. 7 at 3. Plaintiff does not state to whom he reported the activity; nor does he describe the outcome of that report. *Id.* at 3-4. Plaintiff next alleges that Ms. Graham continued in her offensive conduct such that she created a hostile work environment that no EEO professional could withstand. These allegations meet the pleading requirements for the first two elements of a retaliation claim (engaging in protective activity and suffering an adverse employment action). However, even when considered together, the allegations include nothing that ties Plaintiff's protected activity to his decision to resign. As such, Plaintiff fails to plead causality under a constructive discharge theory.

Constructive discharge is an adverse employment action for the purposes of retaliation claim under Title VII. *Mosakowski v. PSS World Medical*, Inc., 329 F. Supp. 2d 1112, 1126 (D. Ariz. 2003) (citing *Jordan v. Clark*, 847 F.2d 1368, 1377 (9th Cir. 1988)). To establish constructive discharge, a plaintiff must plead that "working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign. *Green v. Brennan*, 578 U.S. 547, 555 (2016) (citation omitted). While Plaintiff states that he felt compelled to resign because his job had become a nullity, he pleads nothing that connects his protected activity to that decision. For this reason, the Court finds Plaintiff's Amended Complaint fails to state a claim for relief under Title VII's prohibition against retaliation.

### IV.   RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 7) be DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

IT IS FURTHER RECOMMENDED that Plaintiff be granted **one additional opportunity** to file an amended complaint, which **must** be titled "SECOND AMENDED COMPLAINT."

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file a second amended complaint, the second amended complaint **must** be compliant with Federal Rule of Civil Procedure 8(a), and plead facts establishing all three elements of a retaliation claim discussed above.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file a second amended complaint, it **must** include a statement of jurisdiction, the legal bases of his claims, sufficient facts to establish a prima facie case for each claim, and a request for relief.  Plaintiff's second amended complaint, if any, must be filed no later than **November 30, 2021**.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to timely file a second amended complaint or otherwise fails to comply with the Court's recommendation, once adopted, Plaintiff's action be dismissed **with** prejudice.

DATED THIS 29th day of October, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).